Great, so I think we have counsel then for the first Bank of America case. Welcome. Each side has 10 minutes in this case. And I actually don't know. It looks like this one would be Mr. Parsley going first. Am I right? Yes, your honor. Thank you. May it please the court. I'm Stephen Parsley appearing on behalf of Bank of America. And I'd like to reserve two minutes for rebuttal. In this appeal, the court should vacate the summary judgment in favor of the HOA and then order that the default judgment in favor of Bank of America be amended to confirm the deed of trust survived. When the district court entered default judgment against daily property on the bank's quiet title claim, it necessarily decided that the bank's deed of trust had survived the foreclosure sale. It was not an option for the district court to then go on and state in another order that the deed of trust was extinguished. One of two results has to follow from the default judgment. First is that the district court had no jurisdiction over the other claims because all had been decided or were now moot. The default judgment granted the relief that the bank sought in the complaint, which was a decree that the deed of trust survived in the quiet title claim. The bank's other claims were for wrongful foreclosure and for breach of the statutory duty of good faith. But both of these were alternative claims premised on the deed of trust being declared extinguished. Sorry, could I interrupt you? Because I'm having trouble understanding how this argument is consistent with federal rule of civil procedure 54. My understanding is that default judgments can be reconsidered anytime until there's final judgment in the whole case. And you still had other parties who were not out of the case yet. So how could it moot anything or resolve anything when really all that was decided was one of the parties hadn't responded and the rest of the case was still going? While there was a naming of the HOA as a defendant in the quiet title claim, the relief sought was substantively only against daily property for a quiet title claim because the HOA didn't assert any interest that was at stake in this litigation. And I believe HAS, the other defendant, had a default judgment entered at the same time. So at that point, it was final. I would submit, Your Honor. But alternatively, if you don't believe that the case was moot, the law of the case doctrine then comes into play. And the law of the case was that the bank's deed of trust survived because default judgment was in place. And the law of the case doctrine does apply to interlocutory orders that decide an issue. And the default judgment necessarily decided the issue of the deed of trust survival. At that point... It didn't really, though. All the district court decided was that the party hadn't litigated, hadn't responded. Well, under federal rule of civil procedure 54C, a default judgment must not differ in kind from or exceed an amount what is demanded in the pleadings. And what the quiet title claim demanded was a decree that the deed of trust survived. So a default judgment that didn't give the relief Bank of America had asked for in this circumstance would be a nullity. It would be pretty meaningless, Your Honor. So in addition... Could I take you to a different issue? Because I think you have stronger arguments than this one. And I'd like to ask about the issue of rejecting tender without giving an explanation. Can you comment on whether you think that's an issue that arises very often? I mean, we don't have Nevada law on that issue. And I'm wondering if that means we should certify that issue to Nevada Supreme Court, or whether this is just something that doesn't come up very often. And so that's why there is no law. Can you comment on that? There's one case cited in our brief called Miller v. Dudney that talks about how a objection that's not expressed at the time that tender was rejected is waived. And that's consistent with the treatises that Nevada Supreme Court has relied on and just general common law rules of tender. That's about the form of tender rather than the amount, am I right? It's an application just that general rule that an unexpressed tender objection is waived. But specifically, in that case, it was about a check, Your Honor. That's correct. And since the Arlington West opinion, this court has always held that the ledger is decisive when the due to trust holder seeks to pay off the super priority portion. And even if those statements were dicta, as the district court argued, this court should adopt as a bright line rule for the sake of clarity. Instead of the district court's alternative rule that a bank could be liable for an item that was listed only in a recorded notice that was never provided or of which the bank never became aware of. The ledger here did refer to the lien, though, from the recorded notice, right? Why wasn't that to incorporate it by reference? It didn't specifically state the amounts included. It just stated generally that it was a lien, generally that the lien was an amount. And the bank asked for the HOA arrears as they currently exist and explained in the letter, along with the check, that it was seeking to pay off its obligations to the holder as the explanation that that amount was being claimed as super priority. The bank had no actual notice that there was any super priority charge. Would the ledger argument prevail if rather than providing the ledger, the HOA had said, hey, we've given notice, go read the public filing? I think if they specifically identified it at that time, then that would be fair to say, your honor. But in this case, they did provide the ledger amount, which is what you paid. Yes. In this time, they gave the amounts of the assessments and some other amounts, and then there was just a blanket amount that had been the total at the time the original claim of lien was recorded. In the 10 months since the notice had been recorded, there could have been all kinds of things that happened to take that off the account. The homeowner could have made payments, and that's something that has happened. The amount is the exact same amount as the notice, right? So you could have figured out that no one had made payments, couldn't you? I think if we had actually received notice of that claim as a physical copy, real actual notice, then that could be a different issue, but without having actually seen that being claimed specifically, we weren't on notice of it. It's far more sensible to allow banks to rely on the ledger sent by the HOA when they're clearly expressing what they want to pay off. When a charge is neither included in the provided payoff ledger or mentioned at the time of rejecting the tender, it shouldn't be a to deny the bank's tender of effective. And just a couple other issues. The landscaping fee lacked super priority because it didn't meet the statutory elements. This is a pure issue of law because the statute required that before the HOA could claim super priority for any nuisance abatement or maintenance activities, either the property had to be vacant or the deed of trust holder had to have begun its own foreclosure. If we know whether it was vacant, though, I'm not sure it's true. It's a pure question of law because I think we don't know the facts on whether it was vacant or not. We don't know for sure because the HOA hasn't given any records on that. And those are facts specifically within the HOA's control. And without any evidence given by the HOA, there needs to be an inference. Under case law, we cite in the brief that there was no vacancy of the property at that time. I think that would have been true if you had argued it in opposition to summary judgment. They don't have evidence of this key element, but you didn't argue that. So I'm not sure where we put the burden at this point, given that you didn't point this out before summary judgment. As we argue in the brief, we had the prima facie burden to prove there was a tender of the amounts known to us. And then with HOA, for the first time in litigation, not having made this claim during the tender efforts, said there was a super priority nuisance abatement. At that point, we would submit that the burden of proof and the burden of persuasion should have been on the HOA to show that it had complied with the statutory elements. If you win on the idea that they had to state their objections at the time of tender or else they waive them, then you don't need us to deal with any of the rest of these things, right? Yes, your honor. That's correct. So I'd like to reserve the remainder of my time if there's no questions. Thank you. Good afternoon, your honors. Amber Williams on behalf of AFLI, Twilight Homeowners Association. I'd like to start with the first issue of rejection of the tender. I will note that this argument was not raised or argued by the bank at the summary judgment stage. It was only mentioned in passing that the HOA gave no reason for rejecting the tender, but the bank never expanded on that argument. It never provided any legal analysis to that effect, and there was nothing for the court to consider as to that issue of whether it was contrary to Nevada law for the HOA to not provide a reason for why it would have rejected the tender. We usually have a rule that we won't consider arguments that were not raised in the district court, but we have exceptions that include when something is a pure question of law, and it seems to me that this is a pure question of law. Could you respond to whether you disagree with that? To some extent, your honor, I would agree that it is a question of law in certain circumstances, but here I think on the facts of this case is kind of a mixed question of law and fact. The tender notice that the bank sent to the HOA specifically provided that the amount that they stated in there was the full amount the bank was willing to pay, and that was a non-negotiable amount. So the bank kind of precluded any argument from the HOA of why it was rejecting the tender because it said it wasn't going to negotiate with the HOA. But isn't it a pure question of law to say whether a letter like that gets you out of the obligation to give a reason or not? I mean, it seems like there's a question of law whether you had an obligation at that point to explain what was wrong with the tender. Maybe it's a question of law whether the way they wrote the letter gets you out of that, but either way I don't understand what the fact dispute would be. I think it would be an issue of state law at that point, and the Supreme Court of Nevada would have to clarify what's required for a tender and whether an attendee's failure to accept or its intention to reject, they have to provide an explanation. That was never addressed at the summary judgment stage. In the bank's opening brief, they never raised any Nevada law that was on points that would be conclusive on that issue. Is there anything different about the posture now from what it would have been then? So this pure question of law exception for when something isn't raised below is usually, is it a pure question of law and is there any prejudice? So is there anything you would have done differently if this had been raised below versus being raised now in terms of how you could respond? Yes, Your Honor. We would have, you know, looked into whether Nevada law has addressed this issue and what it said on it. But you could do that now, right? That's a legal research issue. Well, I think in this case, I still believe it is kind of a mixed question of law and fact where a party is saying that you don't have any right to negotiate with us. Therefore, you are somehow barred now from claiming that you have a right to reject the tender and not provide an argument for it. So I think that the HOA would be prejudiced by that to say that that was the finding of the court below and that that's Nevada law that was never addressed. No Nevada law was ever presented in the opening brief by appellants. It was only in the reply brief that one tiny case was provided, which counsel cited, but that was not part of the opening brief. So I would argue there is prejudice. Didn't the opening brief cite the law from other jurisdictions, the common law on this issue? Yes, and as we argued in our brief, I mean, there's nothing to say that the Nevada Supreme Court would even follow those other jurisdictions. The Nevada Supreme Court has its own precedent for tenders. It's kind of a new issue of law, as we've seen in a lot of these HOA cases where it's being developed kind of as we go. So to say that there's a whole record that the court below could have found that the HOA's failure to object was a reason for waiving this argument, I don't think that would be fair to the HOA. It would be prejudicial. Are there any jurisdictions that have disagreed with the jurisdictions cited in the opening brief? I'm not aware of that, Your Honor. I'm sure that there are. I don't know the answer specifically to your question because each state has its own body of law of how they want to pursue tender cases. If the court would like further analysis of that, I'd be happy to submit something after, but I don't have an analysis of that at this time. My understanding is that one of the ways in which we could predict what the Nevada Supreme Court would do was that they would typically follow the common law. So if the common law is unified on it may be a signal that that is what Nevada would do. That is possible. I don't know. I can't say for sure how the Nevada Supreme Court would rule. Again that might be an issue of state law that the Nevada Supreme Court would have to address on its own before I could conclusively state one way or the other how they might rule. Do you think it's worthy of certification? I think it may be in this case, Your Honor. If the court is inclined to be district court's decision, then I would say that it probably should be certified to the Nevada Supreme Court for them to decide this issue since it does pertain to state law. With respect to the reliance on the statement, the case I cited in the bank's briefing really doesn't apply to the situation that we have in this case. This case was very fact specific and was different from those other cases. So from the Arlington case, from the Ninth Circuit, and also the Nevada Supreme Court's decision in Bank of America versus SFR Investments from 2018, both those cases involved a different fact pattern in which there was a record that there was one, no nuisance and abatement charges involved, and two, in those cases the bank had made a specific inquiry about the super priority lien. They reached out to the associations in those cases, they asked for a calculation of the super priority amount, and based on what they received back, they then were able to make their tender. Why shouldn't we assume that it was obvious that that's what the bank was asking when they asked how much the arrears were? What would be any other purpose of the bank's inquiry? I could speculate and say that it was one to see whether the default had occurred because as the bank even said, they weren't sure if it had been paid off. That first notice that they sent to the HOA specifically stated, we've been made aware that a default exists. Please provide a statement of arrears as they currently exist. But if it was paid off, then no one has a problem. If it's not paid off, they need to pay it off. So isn't it obvious that what they're trying to do is find out what they need to pay? Not in this specific instance, Your Honor. If they really wanted a specific super priority payoff, they could have requested that, which is what they did in dozens, if not hundreds of other cases. This was a completely different inquiry letter that never mentioned super priority. It never mentioned any intent to pay off the super priority amount. So to insert words at this late juncture where we don't know what the bank's intent was other than going off the face of their initial letter, I would say that we don't have a record here that the bank really intended to get a super priority payoff. When they sent the check, it became clear, right? Well, at that time, they said this is our super priority tender, but that had nothing to do with their first inquiry letter. They unilaterally calculated the super priority amounts based on what they determined was the correct issue. But concerning the bank's argument that it was never on actual notice of the super priority amount, the Nevada Supreme Court has routinely rejected that argument. They've said that a bank is not entitled to actual notice for every specific portion of the super priority lien. That has been specifically rejected by the Supreme Court, and they said that it doesn't violate due process. What the court did say when a lender was saying they were entitled to super priority notice of the specific amount, they said on the record before it, the bank had an obligation to go and investigate the record and tender what it believed to be the super priority amount. But here, we don't have any specific investigation by the bank other than asking for the arrears as they currently exist. The statement of account that they received specifically notifying them of the lien amounts from the notice of lien. The notice of lien was a public record that was recorded. I think you may be able to squeak by on the ledger saying enough because it references the lien, but basically we have a ledger that barely squeaks by, even if it squeaks by, and then they pay what they think they're supposed to pay according to the ledger, and you don't tell them that it's the wrong amount. And in the end, for a few hundred dollars, you end up with the whole house. Can you explain how that could possibly be what Nevada intended here? I don't believe that the HOA would end up with the whole house. That was never a request that was made at any part of the HOA sale was valid or not valid. But you foreclose on the house and the bank loses out entirely on the amount that they loaned to buy the house. So essentially you end up with the house or the value you end up with the value of the house over a few hundred dollars and the house as I understand it was more than a hundred thousand dollars. So it's just hard for me to understand how this series of facts as an equitable ladder could possibly fit together to something that Nevada intended. Well Nevada law is clear that an HOA has a super priority lien. If the legislature believes that that's no longer a valid case and that there's a justification for removing that, that's up to the Nevada legislature to decide. It's not in the providence of the courts to decide the merits of a state's law and whether or not it should allow a relatively minor lien to be able to foreclose a larger lien. Liens often, depending on their superiority, may negate a lien that's greater amount. And I see my time has run out. Can I just ask you one question? Do you think you could prove that the house was vacant? Yes your honor, I believe that we can. On the record presented below, when this first issue came up about whether the HOA complied with a nuisance abatement statute, there was an affidavit provided from the community manager who was actually the community manager at that time. He did provide information about how the HOA proceeded through the process of determining whether to assess that amount. And it included some facts that showed that the property was likely vacant. It should be noted by the court that the statute doesn't define vacant as actually vacant. There is a specific definition that talks about if it reasonably appears to be unoccupied. So for instance, if it hadn't been maintained, there's no responses from the homeowners despite notice. They don't appear for hearings. Those facts, I believe, would support a finding that the house was vacant. Do we have that declaration or affidavit in our record here? Yes you do, your honor. It is located beginning at the second excerpt of record. And the pdf number for the bulk one is 112. It starts there. And it sounds like when I read it, I'm going to see general facts about not responding, not something that says the house is vacant. That's correct, your honor. But if it were remanded, I believe that the outcome would be that the court would find that the house is vacant under the applicable statute. I don't remember how much time you had left for rebuttal. Okay, let's give you, can we change it to a full minute and then go from there? That'd be great. Thank you, your honor. So a couple points about the actual tender. First of all, the bank specifically said that the amounts had been calculated for the check based on the ledger tendered by the HOA. There's nothing in that cover letter to suggest that the bank would have been unwilling to pay a $200 landscaping fee if the HOA had told us that it has for priority. Had the HOA actually said that the landscaping fee had super priority, then we would have been able to do that. Second, we said in the cover letter that the check was sent to pay obligations as holder of the first deed of trust, which was giving a reason for the check in the cover letter. And that was the time for the HOA to then say, hold on, there's one other charge that we haven't clearly told you about, $200, you need to pay that to pay off the super priority amount. And finally, I just note that we haven't heard a legal or pragmatic reason to deviate from the general rule that unexpressed objections have been waived. And Miller v. Dudley is very clear on this one as an instantiation of that general rule. Thank you, your honors. Thank you both sides for the helpful. Oh, Judge Wallace, you have a question. Go ahead. Yes. Could I squeeze in? The Bank of America was using counsel, I take it, that they were represented by counsel through all of this. Is that correct? Yes, there was counsel retained to pay the super priority amount who sent that letter. Yeah. In the old days, a long time ago, we used to say a district judge that practices judging in a state is well aware of the state law. And we used to rely on them to, without sending letters to the Supreme Court and putting them to extra work. I'm not sure that I've seen anything now. What is your position as to whether or not the district judge who does her work in Las Vegas is in a position to tell us better perhaps than we know what the law of Nevada is? Can we rely on that in your view? I think that the judge generally understands Nevada law, your honor. Is that a clear answer? I think as much as I can get out of you, if I were you, I'd be in the same position giving the answer. We are having a lot of trouble with Nevada law in this area. We're spending tons of ink on opinions and we're having a difficulty. I was just wondering whether there's a way that we can get closer to what Nevada really wants. I think that was very helpful. Thank you. Thank you, your honor. Thank you both sides for the helpful arguments. This case is submitted.
judges: WALLACE, Boggs, FRIEDLAND